UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT SCOTT MATTINGLEY, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | C.A. No. 18-11569-ADB |
| | * | |
| CAPT. S. SPAULDING, WARDEN | * | |
| | * | |
| Respondent. | * | |
| | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court denies the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and *sua sponte* dismisses this action.

I. BACKGROUND

Robert Scott Mattingley ("Petitioner"), an inmate now in custody at FMC Devens, initiated this action on July 25, 2018, by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Petition ("Pet."), Dkt. No. 1. At that time, the case was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. See Notice of Case Assignment, Dkt. No. 6. The case was subsequently assigned to the undersigned for further proceedings. See Electronic Notice of Case Re-Assignment, Dkt. No. 14.

Petitioner was convicted of securities fraud in the Western District of Virginia and was sentenced on November 17, 2017, to a fifty-month sentence. *See United States v. Mattingley*, No. 6:15-cr-00005-NKM-1 (W.D. Va. Nov. 17, 2017). He alleges that he is a double-amputee having "lost his left leg below the knee [in 2013] and again in late 2017 when he lost his right leg

below the knee." *See* Pet. at ¶ 4.  In order to avoid irreparable damage to his legs and to obtain relief from extreme pain, Petitioner seeks release from FMC Devens so that he can obtain immediate medical attention at home.  *Id.* at p. 5.  Petitioner complains of (1) severe phantom pain; (2) inability to sleep; (3) inadequate pain medication; (4) inadequate prosthetic legs; and (5) improper medical care.  He alleges that his current pain medication is inadequate and that he has developed "2 wounds on his left stump as well as a fungus on both stumps, which he has never had before."  *Id.* at ¶ 4.

On August 30, 2018, the government moved to dismiss stating that Petitioner's claims should be brought in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which established a direct cause of action against federal officials for violations of the federal law.  *See* Dkt. No. 18.  Respondent subsequently filed a notice of supplemental authorities,  *See* Dkt. No. 24,

On September 24, 2018, Petitioner was granted until November 5, 2018 to file any response to the government's motion.  *See* Dkt. No. 23.  Petitioner subsequently filed three letters addressed to the chief judge concerning the conditions of his confinement.  *See* Dkt. Nos. 25-27.  He also filed an "addendum" seeking to amend his initial petition to add new allegations: (1) that after receiving a commissary restriction by Counselor M. Tidwell, he was subsequently placed in the SHU [Special Housing Unit]  based on retaliatory reasons; (2) that on September 8, 2018, two days after he was placed in a non-handicap cell in the SHU, he fell and was taken by ambulance to Nashoba Hospital; (3) that his stumps had bleeding sores due to his inadequate prosthetics and inability to shower; (4) that he washed his stumps in the toilet due to an inoperable sink, and (5) that the conditions at FMC Devens constitute cruel and unusual

punishment because they violate the Eighth Amendment prohibition against cruel and unusual punishment as well as violate the Americans With Disabilities Act.  *See* Dkt. No. 28.

Because the habeas petition is clearly subject to dismissal under Rule 4 of the Rules Governing Section 2254 Proceedings, *see* Infra ¶ II(A) (review of the habeas petition), the court will not wait for Petitioner to file an opposition to the pending motion to dismiss before dismissing this action for the reasons stated below.

## II.  DISCUSSION

### A.  Review of the Habeas Petition

Although this petition was brought pursuant to Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other types of habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Proceedings; *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4 of the Rules Governing Section 2254 Proceedings, the court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); *Mahoney v. Vondergritt*, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. *Marmol v. Dubois*, 855 F. Supp. 444, 446 (D. Mass. 1994); *see Eady v. Director, Charleston County*

*Detention Center*, 2011 WL 3704225, *3 (D.S.C. 2011) citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (noting that district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an unnecessary answer or return.

### B. Failure to State Cognizable Habeas Claims

Here, the habeas petition is subject to dismissal because the allegations concern the conditions of Petitioner's confinement at FMC Devens, which is not the proper subject of a petition for a writ of habeas corpus. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]." *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Allen v. McCurry*, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of habeas corpus] is not to redress civil injury, but to release the applicant from unlawful physical confinement.").

As a general matter, § 2241 is the vehicle for challenging the execution of an otherwise valid sentence. Civil rights actions - whether under *Bivens* for federal inmates or 42 U.S.C. § 1983 for state inmates - are the vehicle for challenges to the particular conditions of confinement. *See Crooker v. Grondolsky*, No. 12-12106, 2013 WL 101588, at *2 (D. Mass. Jan. 4, 2013) ("Claims for inadequate medical treatment are most properly characterized as conditions of confinement claims, which are generally not cognizable under § 2241; rather most challenges to the constitutional adequacy of medical care should proceed as a civil rights action pursuant to *Bivens*.").

In this district, as noted by Respondent in his motion to dismiss, claims concerning various prison conditions brought pursuant to § 2241 have been dismissed for lack of subject matter jurisdiction with indications that an action pursuant to *Bivens* is appropriate. *See Croooker*, 2012 WL 5416422 (dismissing § 2241 habeas petition alleging inadequate medical care) aff'd No. 12-2391 (1st Cir. 2013); *Kane v. Winn*, 319 F. Supp. 2d 162, 213 (D. Mass.2004) (challenge to adequacy of prison medical care could not proceed as a § 2241 petition but was the proper subject of a *Bivens* civil rights lawsuit).

In Petitioner's pleadings, he seeks release from confinement in order to obtain medical care at home. Although Petitioner alleges violations of the Americans with Disabilities Act as well as violations of his constitutional rights, the pleadings seek release and not injunctive relief or monetary damages. In the absence of any allegation that success on his petition would "necessarily spell speedier release," Petitioner's claims fall outside the scope of this court's habeas jurisdiction. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).[1]

To the extent that petitioner may be seeking a compassionate release based on his medical condition, he must seek such release pursuant to the "compassionate release" provision found in 18 U.S.C. § 3582 (c)(1)(A). Section 3582 (c)(1)(A) states in relevant part that "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a

---

[1] The characterization of an action as a habeas petition versus a non-habeas civil action is important because there are substantial differences between the two. For instance, among other things, the filing fee for a habeas petition is $5.00; the filing fee for a civil complaint is $350.00 with a $50.00 administrative fee. Additionally, there is authority to appoint counsel for a petitioner, with payment of fees through the Criminal Justice Act. This does not apply to non-habeas civil actions. Further, certain provisions of the Prison Litigation Reform Act do not apply in habeas cases. *See, e.g.*, 28 U.S.C. § 1915(g) (the three-strikes rule).

reduction; ..." 18 U.S.C. § 3582(c)(1)(A).  Pursuant to the compassionate release provision, only the Bureau of Prisons has standing to make a request for compassionate release.

Accordingly, the petition for writ of habeas corpus will be denied and this action will be dismissed.[2]  Should Petitioner wish to proceed with his challenges regarding the conditions of his confinement at FMC Devens, he may wish to institute a new action by filing a "complaint" along with the court's Civil Cover Sheet and Local Category Sheet.  The court takes no position on the merit of any such claims and notes that a complaint must set forth plausible claims upon which relief may be granted, in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure, identifying the defendant(s) who are allegedly liable and the legal and factual grounds for liability, along with his requested relief.

Further, along with the a complaint, a prisoner plaintiff either must pay the $400.00 filing and administrative fee, or must seek leave to proceed *in forma pauperis* by filing a financial affidavit along with a certified prison account statement for the six-month period preceding the filing of the complaint.[3]  Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status.  Thus, if Mattingley files a complaint, the court will direct the appropriate prison official to withdraw an initial partial payment from his account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).

---

[2] In view of the *sua sponte* dismissal of the petition, the Court will not address the pending motions.

[3] Mattingley appears to be aware of the filing fee obligation imposed on prisoner litigants because a search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that plaintiff has a pending civil rights action in the Western District of Virginia.  *See Mattingley v. Sheriff, et al.*, No. 7:18-cv-00301-JPJ-RSB (W.D. Va. June 25, 2018).

**III.     CONCLUSION**

Accordingly:

1. Petitioner's petition for writ of habeas corpus is DENIED; and

2. This action is DISMISSED; and

3. The Clerk shall terminate the pending motions, enter a separate order of dismissal and send to Mattingley the forms for filing a civil complaint.

**SO ORDERED.**

October 3, 2018                                                              /s/ Allison D. Burroughs
                                                                                     ALLISON D. BURROUGHS
                                                                                     U.S. DISTRICT JUDGE